SEP 5 2024 PM4:02
FILED-USDC-CT-NEWHAVEN

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

GRAND JURY N-24-1

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 3:24CR*177*(VDO)(SDV) |
| v. | VIOLATIONS: |
| NEILCON ST. LOUIS and<br>DAVIDSON ALEXANDER, a.k.a. "Harley" | 18 U.S.C. § 371<br>(Conspiracy) |
| | 50 U.S.C. § 4819<br>(Export Control Reform Act) |
| | 18 U.S.C. § 554(a)<br>(Smuggling Goods from the United States) |
| | 18 U.S.C. § 2<br>(Aiding and Abetting) |

INDICTMENT

The Grand Jury charges that:

GENERAL ALLEGATIONS

At all times relevant to this Indictment, unless otherwise specified:

The Defendants and Other Relevant Individuals and Companies

1.      The defendant NEILCON ST. LOUIS ("ST. LOUIS") was a United States citizen and a resident of Waterbury, Connecticut.

2.      The defendant DAVIDSON ALEXANDER ("ALEXANDER"), a.k.a. "Harley," was a citizen of Dominica, a lawful permanent resident of the United States, and a resident of Suffolk, Virginia.

3.      Individual A, whose identity is known to the Grand Jury, was a resident of Dominica.

4.      Individual B, whose identity is known to the Grand Jury, was a United States citizen and a resident of Norfolk, Virginia.

5.      Freight Forwarder 1, whose identity is known to the Grand Jury, is a freight forwarding company based in Miami, Florida, with an office in Dominica.

Export Control Reform Act of 2018

6.      The Export Control Reform Act of 2018 ("ECRA"), Title 50, United States Code, Section 4811(2), provides, among its stated policy objectives, that "[t]he national security and foreign policy of the United States require that the export, reexport, and in-country transfer of items, and specific activities of United States persons, wherever located, be controlled…" To that end, the ECRA, pursuant to Title 50, United States Code, Section 4812(b), grants the President the authority to "regulate (1) the export, reexport, and in-country transfer of items" subject to the jurisdiction of the United States, whether by United States persons or by foreign persons; and (2) the activities of United States persons, wherever located, relating to specific categories of items and information.

7.      The ECRA,  Title 50, United States Code, Section 4813(a), further grants the United States Secretary of the Department of Commerce ("DOC") the authority to establish the applicable regulatory framework. Pursuant to that authority, the DOC reviews and controls the export of certain items, including commodities, software, and technologies, from the United States to foreign destinations through the Export Administration Regulations ("EAR"), Title 15, Code of Federal Regulations, Parts 730-774. In particular, the EAR restrict the export of items that could make a significant contribution to the military potential of other nations or that could be detrimental to the foreign policy or national security of the United States. The EAR impose

2

licensing and other requirements for items subject to the EAR to be lawfully exported from the United States or lawfully reexported from one foreign destination to another.

8. The most sensitive items subject to EAR controls are identified on the Commerce Control List ("CCL"), published at Title 15, Code of Federal Regulations, Part 774, Supplement Number 1. Items on the CCL are categorized by an Export Control Classification Number ("ECCN"), based on their technical characteristics, each of which has export control requirements depending on the destination, end use, and end user.

9. The DOC, through its Bureau of Industry and Security ("BIS"), is responsible for issuing licenses for the export of a variety of firearms and related commodities from the United States.

10. Unless an exemption applies, these regulations, in particular Title 15, Code of Federal Regulations, Parts 730–774, required that an export license from BIS be obtained for the export from the United States to Dominica of certain firearms, firearm components, and ammunition, including any such items classified as ECCN 0A501.a, ECCN 0A501.e, or ECCN 0A501.x.

11. Pursuant to Title 50, United States Code, Sections 4819(a)(1) and (b), it was a crime to willfully violate, attempt to violate, conspire to violate, or cause a violation of any regulation, order, license, or other authorization issued pursuant to the ECRA or the EAR.

12. The following firearms and firearm components were classified by an ECCN, and export in January 2023 of these firearms and firearm components from the United States to Dominica required an export license issued by BIS:

a.    a Glock Model 43X 9mm pistol was designated under ECCN 0A501.a on the CCL and controlled for National Security, Regional Stability, and Firearms Convention reasons to Dominica.

b.    a Taurus PT111 G2 9mm pistol was designated under ECCN 0A501.a on the CCL and controlled for National Security, Regional Stability, and Firearms Convention reasons to Dominica.

c.    a Ruger LCP 380 Firearm was designated under ECCN 0A501.a on the CCL and controlled for National Security, Regional Stability, and Firearms Convention reasons to Dominica.

d.    an AM-15 Lower Receiver was designated under ECCN 0A501.e on the CCL and controlled for National Security, Regional Stability, and Firearms Convention reasons to Dominica.

e.    a Glock 9 X 19 slide was designated under ECCN 0A501.x on the CCL and controlled for National Security, Regional Stability, and Firearms Convention reasons to Dominica.

### Licensing Requirements and Status

13.    At no time did ST. LOUIS, ALEXANDER, Individual A, Individual B, or any co-conspirator of the charges set forth in this Indictment, apply for, receive, or possess a license or authorization from the DOC to export firearms, firearm components, or ammunition, including but not limited to a Glock Model 43X 9mm pistol, a Taurus PT111 G2 9mm pistol, a Ruger LCP 380 Firearm, Glock 9 X 19 slides, and AM-15 Lower Receivers, from the United States to Dominica.

## COUNT ONE
(Conspiracy)

14.    Paragraphs 1 through 13 are incorporated by reference.

15.    From at least January 2021 through at least September 2024, the exact dates being unknown to the Grand Jury, in the District of Connecticut and elsewhere, the defendants ST. LOUIS and ALEXANDER, Individual A, and others known and unknown to the Grand Jury, did knowingly combine, conspire, confederate, and agree together and with each other to commit offenses against the United States, that is:

a.    to fraudulently and knowingly export and send from the United States firearms, firearm components, and ammunition contrary to any law and regulation of the United States, and to receive, conceal, buy, and in any manner facilitate the transportation or concealment of such firearms, firearm components, and ammunition, prior to exportation, knowing the same to be intended for exportation contrary to any law and regulation of the United States, in violation of Title 18, United States Code, Section 554(a);

b.    to knowingly deposit for mailing and delivery, and knowingly cause to be delivered by mail according to the direction thereon, and at any place to which it is directed to be delivered by the person to whom it is addressed, any pistol and firearm declared nonmailable, in violation of Title 18, United States Code, Section 1715;

c.    to engage in the business of dealing in firearms without a license, and in the course of such business, to ship, transport, and receive any firearm in interstate and foreign commerce, in violation of Title 18, United States Code, Section 922(a)(1)(A);

d.    to receive from another person any firearm in and otherwise affecting interstate and foreign commerce, if the recipient knows and has reasonable cause to believe that

such receipt would constitute a felony, in violation of Title 18, United States Code, Section 933(b); and

      e.    to defraud the United States by interfering with and obstructing the lawful governmental function of the United States Department of Commerce, that is, the enforcement of laws and regulations prohibiting the export and supply of goods from the United States to foreign destinations without a license or authorization, by deceit, craft, trickery, and dishonest means.

### Objects of the Conspiracy

16.    It was the object of the conspiracy to

      a.    obtain firearms, firearm components, and ammunition, including items controlled for National Security, Regional Stability, and Firearms Convention reasons to Dominica;

      b.    illegally export firearms, firearm components, and ammunition from the United States to Dominica; and

      c.    obtain money and profit by illegally exporting firearms, firearm components, and ammunition from the United States to Dominica.

### Manner and Means of the Conspiracy

17.    It was part of the conspiracy that Individual A, ST. LOUIS, and ALEXANDER purchased firearm components from commercial websites and online sellers, which were then mailed to their relatives and acquaintances in the United States. Individual A also sent electronic communications to ST. LOUIS providing ST. LOUIS with a list of firearm components to purchase.

6

18.     It was further part of the conspiracy that from January 2021 through September 4, 2024, Individual A made at least 124 purchases of firearm components, such as Glock slides, pistol lower and upper parts kits, pistol magazines, and pistol sights, totaling over $36,000, from sellers on eBay, and had them shipped to other individuals including Individual A's spouse in Massachusetts; ST. LOUIS's romantic partner in Waterbury, Connecticut; ST. LOUIS's relative in Waterbury, Connecticut; ALEXANDER in Virginia; and individuals in North Carolina, Texas, and Florida. For example:

a.     On January 11, 2023, Individual A purchased six night sights for various Glock models for $56.09 from an eBay seller and had them shipped to ST. LOUIS's relative in Waterbury, Connecticut.

b.     On January 11, 2023, Individual A purchased six Glock 19 lower parts kits for $203.43 from an eBay seller and had them shipped to ST. LOUIS's relative in Waterbury, Connecticut.

c.     On January 12, 2023, Individual A purchased three Glock 19 lower parts kits for $105.25 from an eBay seller and had them shipped to ST. LOUIS's relative in Waterbury, Connecticut.

d.     On January 12, 2023, Individual A purchased three Glock 19 complete upper parts kits for $659.25 from an eBay seller and had them shipped to ST. LOUIS's relative in Waterbury, Connecticut.

19.     It was further part of the conspiracy that from September 2021 through September 4, 2024, ALEXANDER made at least 38 purchases of firearm components, such as aftermarket slides, numerous pistol lower and upper parts kits, triggers, and pistol magazines, totaling over

$25,000, from sellers on eBay, and had them shipped to himself or to Individual A's spouse in Massachusetts. For example:

a. On or about July 29, 2022, ALEXANDER purchased five Glock 19 magazines from an eBay seller for $138.22 and had them shipped to his residence in Suffolk, Virginia.

b. On or about November 10, 2022, ALEXANDER purchased six Glock 19 slides with barrels from an eBay seller for $1,554.08 and had them shipped to his residence in Suffolk, Virginia.

20. It was further part of the conspiracy that from November 2022 through September 4, 2024, ST. LOUIS made at least sixteen purchases of firearm components, such as Glock slides, pistol lower parts kits, and pistol magazines, totaling over $7,000, from sellers on eBay, and had them shipped to either his romantic partner or his relative, both of whom were in Waterbury, Connecticut. For example:

a. On or about January 11, 2023, ST. LOUIS purchased eight Glock 19 slides for $2,077.49 from an eBay seller and had them shipped to a relative's P.O. Box in Waterbury, Connecticut.

b. On or about January 11, 2023, ST. LOUIS purchased eight Glock 19 Gen 3 aftermarket 9mm lower parts kits with Polymer Triggers for $379.71 from an eBay seller and had them shipped to a relative's P.O. Box in Waterbury, Connecticut.

c. On or about January 12, 2023, ST. LOUIS purchased four Glock 19 slides for $1,040.75 from an eBay seller and had them shipped to a relative's P.O. Box in Waterbury, Connecticut.

d.      On or about January 12, 2023, ST. LOUIS purchased four Glock 19 Gen 3 aftermarket 9mm lower parts kits with Polymer Triggers for $189.86 from an eBay seller and had them shipped to a relative's P.O. Box in Waterbury, Connecticut.

21.     It was further part of the conspiracy that ST. LOUIS and ALEXANDER obtained these purchased firearm components as well as firearms and ammunition and concealed them inside parcels that were to be mailed or shipped to co-conspirators in Dominica either directly or to Freight Forwarder 1 in Miami, Florida, for transshipment to co-conspirators in Dominica. The parcels they sent to Freight Forwarder 1 listed a specific customer account number ("Freight Forwarding Account 1"), known to the Grand Jury, and based on the customer account number listed on the parcels, Freight Forwarder 1 sent the parcels to Dominica.

22.     It was further part of the conspiracy that on or about January 18, 2023, ST. LOUIS shipped via the U.S. Postal Service ("USPS") a parcel ("Parcel 1"), with a USPS tracking number ending in 8683, containing firearm components from a U.S. Post Office in Waterbury, Connecticut to Freight Forwarding Account 1 at Freight Forwarder 1's Miami address, and Freight Forwarder 1 then shipped the parcel to Dominica. The USPS shipping cost was paid using ST. LOUIS's debit card. Parcel 1 contained, among other things, Glock 9 x 19 slides, which were the same type of items that ST. LOUIS had purchased from an eBay seller just a week before shipping Parcel 1. After Parcel 1 was exported to Dominica, it was seized by customs officers in Dominica.

23.     It was further part of the conspiracy that on or about January 21, 2023, Individual B, acting at ALEXANDER's direction, shipped via FedEx two parcels containing firearm components from Norfolk, Connecticut to Freight Forwarding Account 1 at Freight Forwarder 1's Miami address, and Freight Forwarder 1 then shipped the parcels to Dominica. One of the parcels

9

("Parcel 2"), with a FedEx tracking number ending in 7246, contained, among other things, rifle magazines and upper receivers for an AM-15 rifle. The other parcel ("Parcel 3"), with a FedEx tracking number ending in 7257, contained two AM-15 rifle lower receivers, and six pistols with magazines, including a Glock Model 43X 9mm pistol, a Taurus PT111 G2 9mm pistol, and a Ruger LCP 380 Firearm. Parcel 3 also contained pistol magazines, a rifle magazine, a suppressor kit, rifle trigger assemblies, pistol lower receivers, and .380 ammunition. After Parcel 2 and Parcel 3 were exported to Dominica, they were seized by customs officers in Dominica.

24.     It was further part of the conspiracy that on or about January 10, 2023, two weeks before Individual B shipped Parcel 2 and Parcel 3 at ALEXANDER's direction, ST. LOUIS, while in Connecticut, sent $1,430.61 from his bank account to his romantic partner's PayPal account, and then later the same day, the same amount was sent from her PayPal account to ALEXANDER's PayPal account.

25.     It was further part of the conspiracy that Individual A and other co-conspirators in Dominica attempted to obtain the shipped parcels in Dominica.

## Overt Acts

26.     In furtherance of the conspiracy and in order to effect the objects thereof one or more members of the conspiracy committed and caused to be committed, the following overt acts, among others, in the District of Connecticut and elsewhere:

a.     On or about the dates listed in Paragraphs 18(a) through 18(d) above, Individual A made each of the eBay purchases listed in those paragraphs and had them shipped to the listed addresses, with each such purchase and shipment constituting a separate overt act.

10

b.      On or about the dates listed in Paragraphs 19(a) and 19(b) above, ALEXANDER made each of the eBay purchases listed in those paragraphs and had them shipped to the listed addresses, with each such purchase and shipment constituting a separate overt act.

c.      On or about the dates listed in Paragraphs 20(a) through 20(d) above, ST. LOUIS made each of the eBay purchases listed those paragraphs and had them shipped to the listed addresses, with each such purchase and shipment constituting a separate overt act.

d.      On or about January 10, 2023, ST. LOUIS caused $1,430.61 to be sent from his bank account, through his romantic partner's PayPal account, to ALEXANDER's PayPal account.

e.      On or about January 18, 2023, ST. LOUIS shipped and caused to be shipped Parcel 1 via USPS to Freight Forwarder 1 in Miami.

f.      On or about January 21, 2023, Individual B shipped, at ALEXANDER's direction, Parcel 2 via FedEx to Freight Forwarder 1 in Miami.

g.      On or about January 21, 2023, Individual B shipped, at ALEXANDER's direction, Parcel 3 via FedEx to Freight Forwarder 1 in Miami.

All in violation of Title 18, United States Code, Section 371.

## COUNT TWO
(Conspiracy to Violate the Export Control Reform Act)

27.    Paragraphs 1 through 13 and 16 through 26 above are incorporated by reference.

28.    From at least January 2021 through at least September 2024, the exact dates being unknown to the Grand Jury, in the District of Connecticut and elsewhere, the defendants ST. LOUIS and ALEXANDER, Individual A, and others known and unknown to the Grand Jury, willfully combined, conspired, and agreed together and with each other to export and cause the

exportation of firearms, firearm components, and ammunition from the United States to Dominica without first having obtained the required license or authorization from the United States Department of Commerce.

All in violation of Title 50, United States Code, Section 4819 and Title 15, Code of Federal Regulations, Parts 730–774.

## COUNTS THREE THROUGH SEVEN
(Violations of the Export Control Reform Act)

29.    Paragraphs 1 through 13 and 16 through 26 above are incorporated by reference.

30.    On or about the dates listed below, the exact dates being unknown to the Grand Jury, in the District of Connecticut and elsewhere, the defendants listed below did willfully export, attempt to export, and cause to be exported the following items, and did aid and abet the export of such items, from the United States to Dominica, without first having obtained the required license or authorization from the United States Department of Commerce, each of which is a separate count of the Indictment:

| Count | Date(s) | Defendant(s) | Item |
|---|---|---|---|
| Three | January 18, 2023 | ST. LOUIS | Glock 9 X 19 slides contained in Parcel 1 |
| Four | January 10, 2023 to January 21, 2023 | ST. LOUIS and ALEXANDER | Glock Model 43X 9mm pistol contained in Parcel 3 |
| Five | January 10, 2023 to January 21, 2023 | ST. LOUIS and ALEXANDER | Taurus PT111 G2 9mm pistol contained in Parcel 3 |
| Six | January 10, 2023 to January 21, 2023 | ST. LOUIS and ALEXANDER | Ruger LCP 380 firearm contained in Parcel 3 |
| Seven | January 10, 2023 to January 21, 2023 | ST. LOUIS and ALEXANDER | AM-15 lower receivers contained in Parcel 3 |

All in violation of Title 50, United States Code, Section 4819; Title 15, Code of Federal Regulations, Parts 730–774; and Title 18, United States Code, Section 2.

**COUNTS EIGHT AND NINE**
(Smuggling Goods from the United States)

31.    Paragraphs 1 through 13 and 16 through 26 above are incorporated by reference.

32.    On or about the dates listed below, the exact dates being unknown to the Grand Jury, in the District of Connecticut and elsewhere, the defendants listed below did fraudulently and knowingly export and send from the United States, attempt to export and send from the United States, and aid, abet, and cause others to export and send from the United States firearms, firearm components, and ammunition, and did receive, conceal, buy, and in any manner facilitate the transportation and concealment of firearms, firearm components, and ammunition prior to exportation, knowing the same to be intended for exportation, contrary to any law and regulation of the United States, including, Title 50, United States Code, Section 4819 and Title 15, Code of Federal Regulations, Parts 730–774.

All in violation of Title 18, United States Code, Sections 554(a) and 2.

| Count | Date(s) | Defendant(s) | Item(s) |
|-------|---------|--------------|---------|
| Eight | January 18, 2023 | ST. LOUIS | Glock 9 X 19 slides contained in Parcel 1 |
| Nine | January 10, 2023 to January 21, 2023 | ST. LOUIS and ALEXANDER | a Glock Model 43X 9mm pistol, a Taurus PT111 G2 9mm pistol, a Ruger LCP 380 firearm, and AM-15 lower receivers, all contained in Parcel 3 |

## FORFEITURE ALLEGATIONS

33.     Upon conviction of one or more of the offenses alleged in Counts One, Eight, and Nine of this Indictment, the defendants ST. LOUIS and ALEXANDER shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), all right, title, and interest in any and all property, real or personal, which constitutes or is derived from proceeds traceable to violations of smuggling or export control violations involving items controlled under the EAR, including, but not limited to, a sum of money equal to the total amount of any property, real or personal, which constitutes or is derived from proceeds traceable to or obtained as a result of such offenses.

34.     Upon conviction of one or more of the offenses alleged in Counts Two and Three through Seven of this Indictment, the defendants ST. LOUIS and ALEXANDER shall forfeit to the United States, pursuant to Title 50, United States Code, Section 4819(d), any of their personal property used or intended to be used, in any manner, to commit or facilitate the violation, constituting or traceable to the gross proceeds taken, obtained, or retained, in connection with or as a result of the violation; or constituting an item or technology that is exported or intended to be exported in violation of the ECRA.

35.     If any of the above-described forfeitable property, as a result of any act or omission of the defendants, cannot be located upon the exercise of due diligence, has been transferred, sold to, or deposited with a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c) and Title

14

50, United States Code, Section 4819(d), to seek forfeiture of any other property of said defendants up to the value of the forfeitable property described above.

All in accordance with Title 18, United States Code, Section 981(a)(1)(C); Title 28, United States Code, Section 2461(c); Title 50, United States Code, Section 4819(d); and Rule 32.2(a) of the Federal Rules of Criminal Procedure.

A TRUE BILL

_____
FOREPERSON

UNITED STATES OF AMERICA

_____
VANESSA ROBERTS AVERY
UNITED STATES ATTORNEY

_____
KONSTANTIN LANTSMAN
ASSISTANT UNITED STATES ATTORNEY

_____
SEAN P. MAHARD
ASSISTANT UNITED STATES ATTORNEY

_____
YIFEI ZHENG
TRIAL ATTORNEY – DOJ NATIONAL SECURITY DIVISION